IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:    Michael Miller | ) |
| | )    16-08579 |
| | )    Chapter 13 |
| Debtor. | ) |
| | )    Judge David D. Cleary |
| | ) |
| | ) |
| Marilyn O Marshall | ) |
| Standing Trustee | )    Adversary |
| | )    22 A ____ |
| v. | ) |
| | ) |
| The Bank of New York Mellon | ) |
| FKA The Bank of New York, as | ) |
| Trustee for the certificate holders | ) |
| of CWALT, Inc., Alternative Loan | ) |
| Trust 2005-1CB, Mortgage | ) |
| Pass-Through Certificates, | ) |
| Series 2005- 1CB, | ) |
| by and through its mortgage | ) |
| servicing agent Bank of America, | ) |
| N.A | ) |

<u>Complaint for Turnover of Property of the Estate</u>

Comes Now Plaintiff Standing Trustee, Marilyn O. Marshall, by and through one of her attorneys, Yanick Polycarpe, and submits the Complaint for Turnover of Property of the Estate against The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificate holders of CWALT, Inc., Alternative Loan Trust 2005-1CB, Mortgage Pass-Through Certificates, Series 2005- 1CB, by and through its mortgage servicing agent Bank of America, N.A., and states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(E).

2. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §139(b) and 1409.

## PARTIES

3. The Plaintiff is Marilyn O. Marshall, Standing Chapter 13 Trustee (hereinafter Trustee).

4. The Defendant, The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificate holders of CWALT, Inc., Alternative Loan Trust 2005-1CB, Mortgage Pass-Through Certificates, Series 2005- 1CB, by and through its mortgage servicing agent Bank of America, N.A., (hereinafter Defendant), is a creditor of the debtor in the underlying Chapter 13 bankruptcy case numbered 16 B 08579.

## FACTS

5. On March 12, 2016, the Debtor, Michael Miller. Filed a voluntary petition under Chapter 7 of the Bankruptcy Code and later converted to Chapter 13 on motion of the Debtor June 30, 2016.

6. The debtor schedules ownership interest in three parcels of real estate in Chicago, Illinois: 7723 S. Jeffery Blvd., 7721 S. Jeffery Blvd., and 7943 S. Elizabeth.

7. The confirmed plan, filed November 7, 2016 at docket entry 57, calls for the Debtor to make direct payments to JP Morgan Chase Bank and Bank of America in Section C of the plan, which does not require the plan to specify what collateral secures each claim.

8. The confirmed plan also calls for liens held by JP Morgan Chase Bank and Bank of America to be treated as unsecured claims under Section E, part 3.2 and the surrender of the property known as 7943 S. Elizabeth in Section G.

9. Section E, part 8 *General Unsecured claims*, states, in relevant part "Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2, or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority."

10. On October 27, 2016, a proof of claim was filed by the Defendant under the name Bayview Loan Servicing, LLC., appearing on the Claims Registry as Proof of Claim #6.

11. Claim #6 of the Defendant was identified as a secured claim not provided for in the plan and therefore treated as a general unsecured claim pursuant to Section E, part 8 of the confirmed plan.

12. Claim #6 was transferred from Bayview Servicing, LLC to the Defendant January 3, 2020.

13. Between May 19, 2017, and July 16, 2021, Trustee disbursed a total of $17,054.49 to Defendant, pro-rata with other general unsecured claims on claim #6.

14. The Trustee has conducted a final audit of this case as a part of the normal course of business and is required to review or audit cases prior to issuing a Final Report and in this audit it was determined that Claim #6 filed by Bayview Loan Servicing, LLC should have been treated as the claim labelled in Section C of the confirmed plan as Bank of America. The Trustee office mistakenly labeled the Claim #6 incorrectly.

15. As claim #6 was to be treated pursuant to Section C of the confirmed plan, the Defendant should have received $0 in disbursements.

16. Since August of 2021, representatives of the Trustee have attempted to recover the funds paid on claim #6 by sending letters and making telephone calls each month in order to exhaust all collection remedies. In discussing the matter, defendant acknowledged that the funds were applied to pay the mortgage of Bank of New York Mellon, even though the payment voucher reflected the account ending in 6252, which the debtor should have been paying directly. Since the confirmed plan does not require the Trustee to pay this claim, then, the defendant should have returned the funds immediately instead of posting incorrectly to the account. The parties have discussed the matter and have been unable to reach a resolution and the Trustee is required to get the money back to disburse to other unsecured creditors.

17. There are currently six remaining general unsecured creditors that are entitled to pro-rata distribution of the funds currently being held by Defendant. Based upon the terms of the confirmed plan, all allowed general unsecured claims are entitled to a 27% distribution, yet only 11% has been paid so far to the allowed general unsecured creditors.

18. To date, the Defendant has not returned the estate funds to the Trustee to be disbursed to creditors.

## COUNT I - Turnover of Estate Property

19. The allegations in the previous paragraphs are hereby restated.

20. The Standing Trustee has a fiduciary duty to the Chapter 13 estate.

21. As a fiduciary of the Chapter 13 estate, a trustee is authorized to bring an adversary action to recover overpayments from a creditor. *See, e.g.,* Ford Motor Credit Co. v. Stevens, 130 F.3d 1027, 1031 (11th Cir. 1997) (acknowledging trustee's authority to recover overpayments).

22. The Defendant is bound by the terms of the confirmed plan.

23. Trustee seeks the turnover from the Defendant in the amount of $17,054.49, which is being improperly retained by the Defendant.

24. The funds are the property of the estate pursuant to 11 U.S.C. §542, and the Plaintiff is entitled to a judgment in the amount of $17,054.49 plus any reasonable and necessary fees and costs incurred, against Defendant.

## PRAYER FOR RELIEF

Accordingly, Plaintiff, Marilyn O. Marshall, Standing Chapter 13 Trustee prays that this Court enter an order instructing the Defendant, The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificate holders of CWALT, Inc., Alternative Loan Trust 2005-1CB, Mortgage Pass-Through Certificates, Series 2005- 1CB, by and through its mortgage servicing agent Bank of America, N.A., to turnover property of the estate in the amount of $17,054.49 plus any reasonable and necessary fees and costs incurred.

Respectfully submitted,
Marilyn O. Marshall, Chapter 13 Trustee

/s/ Yanick Polycarpe
Yanick Polycarpe
Office of the Chapter 13 Trustee
Marilyn O. Marshall
224 S. Michigan Ave., Suite 800
Chicago, IL 60604
(312) 431-1300